Raymond J. COMPTON, Regional Director of the Twenty-fourth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD

v.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, PUERTO RICO DISTRICT COUNCIL, AFL-CIO.

Civ. No. 245-63.

United States District Court
D. Puerto Rico,
San Juan Division.
July 18, 1963.

Vincent Rotolo, Regional Atty., National Labor Relations Board, for plaintiff.

George L. Weasler, Santurce, P. R., for defendant.

RUIZ-NAZARIO, Chief Judge.

This cause came on to be heard upon the verified petition of Raymond J. Compton, Regional Director of the Twenty-Fourth Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10(j) of the National Labor Relations Act, as amended (herein called the Act), until the final disposition of the matters involved herein now pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held on July 11, 1963. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issue, and to argue on the evidence and the law. The Court has fully considered the petition, answer, evidence, arguments and memoranda of counsel for the petitioner and for the respondent. Upon the entire record, the Court makes the following:

FINDINGS OF FACT

1. Petitioner is Regional Director of the Twenty-Fourth Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about May 24, 1963 Uhlhorn International, S. A. (herein called the Company) pursuant to the provisions of the Act, filed a charge at the Board's Twenty-fourth Regional Office in Santurce, P. R., against the respondent alleging that it had violated and was violating Sections 8(b) (3) and 8(b) (1) (B) of the Act.

3. The aforesaid charge was referred to the petitioner as Regional Director of the 24th Region of the Board for investigation who found, on the basis of said investigation, that there was reasonable cause to believe that the Respondent was violating Section 8(b) (3) and 8(b) (1) (B) of the Act. Thereafter on June 25, 1963 the General Counsel of the Board on behalf of the Board, through the petitioner herein, issued a complaint against the respondent pursuant to Section 10(b) of the Act, alleging that respondent had engaged in and was engaging in unfair labor practices within the meaning of Sections 8(b) (3) and 8(b) (1) (B) of the Act and affecting commerce within the meaning of Sections 2(6) and (7) of the Act. On July 8, 1963 the petitioner amended the allegations of the original complaint without, however, changing the nature of the violations alleged against the respondent. Said amended complaint was served upon the respondent after the filing of the petition in this matter but before the hearing was held thereon. The respondent made no objection to the hearing being held on the petition notwithstanding the issuance of the amended complaint after the filing of the petition.

4. There is reasonable cause to believe that the allegations to that effect contained in the amended complaint issued by the petitioner on July 8, 1963 are true and that the respondent has engaged in and is engaging in unfair labor practices within the meaning of Sections 8(b) (3) and 8(b) (1) (B) of the Act and affecting commerce within the meaning of Sections 2(6) and (7) of the Act as follows:

(a) The Company is, and has been at all times material herein, a corporation organized under the laws of the Republic of Panama and duly registered to do business in Puerto Rico (Certificate of Registry Number 1713). At all times material herein, the Company has maintained an office and place of business at Santurce, P. R., where it is and has been

at all times material herein, engaged in a construction project for the United States Navy.

(b) The Company is, and has been at all times material herein, engaged in the construction of a radio communications station at Toa Baja, P. R. for the U. S. Navy. This is the only construction project which the company has on the island of Puerto Rico at the present time.

(c) During the past year the Company, in the course and conduct of its business operations in Puerto Rico, purchased and received materials and supplies valued at in excess of $50,000 which originated from places outside the Commonwealth of Puerto Rico.

(d) The Company is and has been at all times material herein, engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(e) United Brotherhood of Carpenters and Joiners of America, Puerto Rico District Council, AFL–CIO, an unincorporated association, is a labor organization within the meaning of Sections 2 (5) and 8(b) of the Act, and at all times material herein has been engaged in this judicial district in promoting and protecting the interests of its employee members.

■ (f) All construction workers and maintenance employees employed by the Employer at its project site located at Barrio Ingenio, Toa Baja, P. R. exclusive of all office clerical employees, heavy equipment operators, professional employees, guards and supervisors as defined in the Act constitute a unit appropriate for the purpose of collective bargaining within the meaning of Section 9(b) of the Act.

(g) On or about March 15, 1963, a majority of the employees of the company in the unit described above, by a secret ballot election conducted under the supervision of the Regional Director for the 24th Region of the Board, designated and selected the respondent as their representative for the purposes of collective bargaining with the Company, and on or about March 25, 1963, said Regional Director certified the respondent as the exclusive collective bargaining representative of the employees in said unit.

(h) At all times since on or about March 25, 1963, and continuing to date, the respondent has been the representative for the purpose of collective bargaining of the employees in the unit described above, and by virtue of Section 9(a) of the Act, has been and is now, the exclusive representative of all the employees in said unit for the purposes of collective bargaining with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

■ (i) On or about April 15, 1963 the respondent submitted a written contract proposal, described as the McDonough Construction Co. contract, to be used as a basis for the negotiation of the contract to cover the employees of the Company working on its Toa Baja construction project. Thereafter and on May 3, 1963, representatives of the company and of the respondent met and discussed at length said contract proposal. I find, contrary to the respondent's contention, that no meeting of the minds took place at said meeting on all of the terms of the contract to be applied to the employees of the company working at its Toa Baja project. On May 7, 1963 the respondent submitted a contract proposal containing some terms and conditions which were not contained in the McDonough contract and which had not been discussed by the parties.

(j) On May 13, 1963 the Company selected its attorney, Sarah Torres Peralta to act as its negotiator for the purpose of negotiating the final terms of the collective bargaining contract to be applied to the employees of its Toa Baja project. On May 14, 1963 said Sarah Torres Peralta orally advised the respondent's representatives of her appointment as the negotiator of the Company for the purpose of negotiating the contract to be applied to its employees working at its Toa Baja construction project.

(k) On various dates after May 14, 1963 said Sarah Torres Peralta requested the respondent's representatives in writing to meet and confer with her concerning the terms and conditions of the contract to be applied to the Company's employees working at its Toa Baja construction project. Said Sarah Torres Peralta also submitted on May 22, 1963, written counterproposals in the form of modifications and revisions of the contract proposal submitted by the respondent to the company on May 7, 1963, including a proposal to change the coverage of the contract from an island wide contract to a contract covering only the employees at the Toa Baja construction project. Prior thereto and on May 15, 1963 respondent had declared a strike against the Company and established its pickets at its construction project at Toa Baja, P. R.

(l) During the course of the strike and on May 23, 1963 respondent's representatives met with the Company's president and informed him that they would not recognize or deal with Miss Sarah Torres Peralta as a negotiator for the company and would not make any changes in the contract proposal of May 7, 1963, and that they would not call off the strike or remove the pickets until the company agreed to all the terms of, and executed said contract proposal.

5. I find that objects of the respondent's strike and picketing activities against the Company were and are as follows:

(a) To force the Company to sign the contract proposal submitted by it to the Company on May 7, 1963 which covered an island wide unit of the company's construction employees, notwithstanding that the Board had certified it to represent the Company's construction employees working only at its Toa Baja construction project and notwithstanding that the Company had requested and insisted that the contract agreed upon should apply only to the employees of the Toa Baja project.

(b) To force the Company to refrain from using its attorney, Miss Sarah Torres Peralta to negotiate the terms of the contract proposal of May 7, 1963.

(c) To force the Company to surrender its right to negotiate the terms of the contract proposal submitted by it to the company on May 7, 1963 and to have said contract proposal executed without any discussion or negotiations whatsoever.

6. From the acts and conduct set forth above in Findings of Fact 4(a) (b) (c) (d) (e) (f) (g) (h) (i) (j) (k) and (l) there is reasonable cause to believe that respondent has refused and is refusing to bargain in good faith with the Company in violation of Section 8(b) (3) of the Act, and that it has restrained and coerced and is restraining and coercing the company in the selection of its representative for the purpose of collective bargaining in violation of Section 8(b) (1) (B) of the Act.

7. The acts and conduct of the respondent set forth above, have a close, intimate and substantial relation to trade, traffic and commerce among the several states and tend to lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

8. It may be fairly anticipated that, unless enjoined, respondent will continue and repeat the acts and conduct set forth in Findings of Fact 4(k) and (l) and paragraph 5 above, or similar or like acts and conduct.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding and under Section 10(j) of the Act is empowered to grant injunctive relief.

2. There is and petitioner has, reasonable cause to believe that:

(a) Respondent is engaged in commerce within the meaning of Section 2 (6) and (7) of the Act;

(b) Respondent is a labor organization within the meaning of Sections 2 (5), 8(b) and 10(j) of the Act;

(c) Respondent has engaged in unfair labor practices within the meaning of

Sections 8(b)(3) and 8(b)(1)(B) of the Act, affecting commerce within the meaning of Sections 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b) thereof.

3. To preserve the issues for the orderly determination by the Board as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters involved in the complaint proceedings pending before the Board, respondent, its officers, representatives, agents, servants, employees, attorneys and all members and persons acting in concert or participation with it or them, be enjoined and restrained from the commission, continuation or repetition of the acts and conduct set forth in Findings of Fact in paragraph 4(k) and (l) and paragraph 5 above, acts or conduct in furtherance or support thereof, or. like or related acts or conduct, the commission of which in the future is likely or may fairly be anticipated from respondent's acts and conduct in the past.